UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | |
|---|---|
| In re: | ) |
| | ) |
| **GREEN LAKEVIEW ADULT** | ) |
| **DAYCARE, LLC,** | ) |
| | ) |
| **Debtor.** | ) |
| | ) **Case No. 13-30160 HRT** |
| | ) **Chapter 11** |
| **PRIMA 2 ADULT DAYCARE, LLC,** | ) |
| | ) |
| **Movant,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **GREEN LAKEVIEW ADULT** | ) |
| **DAYCARE, LLC,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER ON MOTION FOR RELIEF FROM STAY

This case comes before the Court on Movant's *Motion for Relief from Stay* (docket #43) (the "Motion").

This matter came on for preliminary hearing on March 18, 2014. The Court heard offers of proof from the parties and took the matter under advisement to determine whether it is appropriate to grant relief based on the offers of proof or whether the matter may proceed to a final hearing. A motion for relief from stay must be granted following the preliminary hearing unless the Court finds that "there is a reasonable likelihood that the party opposing relief from . . . stay will prevail at the conclusion of [a] final hearing." 11 U.S.C. § 362(e)(1). Here, the Court finds no such "reasonable likelihood" and will grant relief for cause under 11 U.S.C. § 362(d)(1).

Movant initiated an action in the District Court for Jefferson County, Colorado (the "State Court") captioned *Prima 2 Adult Daycare LLC v. Nikolay Muzychenko et al.*, Case No. 13-30399 (the "State Court Action"). The Debtor is one of the Defendants in that action. In the State Court Action, Movant asserts claims for damages against the Debtor for fraud; tortious interference with contractual relations; violation of the Trade Secrets Act; and tradename infringement.

Following service of process on the Debtor in the State Court Action, the Debtor's answer was due on September 7, 2013. Debtor did not file a timely answer. On September 27,

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 13-30160 HRT

2013, the Movant, as the plaintiff in the State Court Action, moved for default judgment. On October 23, 2013, the State Court made entry of the Debtor's default. It scheduled a damages hearing for November 9, 2013. That original damages hearing was apparently derailed when, on November 8, 2013, the Debtor filed a motion in the State Court to set aside the entry of default and allow it to file its answer. The State Court entered its order on December 6, 2013, denying that relief. In its order, the State Court also affirmed that the damages hearing set for December 9, 2013, would proceed as scheduled. That scheduled hearing was stayed by the Debtor's filing of the instant bankruptcy case on December 9, 2013.

Movant seeks relief from the automatic stay in order to liquidate its damages claim against the Debtor in the State Court Action.

Ordinarily, where a creditor seeks relief from stay in order to continue litigation in another forum, courts do a totality of the circumstances analysis. In the Tenth Circuit, the factors enunciated in the case of *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah, 1984), provide the analytical template. But here, the overriding consideration is the matter of this Court's jurisdiction to hear the issues raised in the underlying State Court Action.

The Debtor seeks to move the State Court litigation into this Court. The Court could not hear liability issues in the context of a claim hearing without blatantly disregarding the State Court's December 6, 2013, order denying reconsideration of the Debtor's default in that court. Merely holding such a hearing would constitute a reversal of the State Court's entry of default and its order denying reconsideration of that entry of default.

Title 28 U.S.C. § 1334 grants jurisdiction over bankruptcy matters to the federal district courts.[1] But neither federal bankruptcy jurisdiction under § 1334 nor, more broadly, the general jurisdiction of the federal district courts includes any appellate authority over actions taken by the state courts. The *Rooker-Feldman* doctrine, that has emerged from the Supreme Court cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), was more recently interpreted by the case of *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). There, the court said that "appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . by 28 U.S.C. § 1257, exclusively in [the U.S. Supreme Court]. Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction." *Id.* at 283. Thus, inferior federal courts are prohibited from undertaking an appellate review of state court judgments.

*Exxon Mobil* also stands for the proposition that the *Rooker-Feldman* doctrine does not apply where proceedings in the state court have not been completed. 544 U.S. at 291-94. Thus,

---

[1] Under 28 U.S.C. § 157, authority to adjudicate bankruptcy matters is given to the bankruptcy courts by referral from the district courts.

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 13-30160 HRT

under *Exxon Mobil*, a strict application of the *Rooker-Feldman* doctrine requires a court to look to the form of the proceeding and whether a final judgment has been entered. Under that analysis, the Court has the authority to take jurisdiction over the dispute between these parties because no final judgment has been entered in the State Court Action.

But federal bankruptcy jurisdiction differs from the general federal question and diversity jurisdiction of the district courts. It differs in a very significant way in that it allows a federal court with proper jurisdiction over a bankruptcy matter under 28 U.S.C. § 1334 to abstain from hearing a given case where that abstention serves "the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).[2] The fact that abstention is specifically provided for in the bankruptcy jurisdiction statute shows that Congress was cognizant of the potential for conflicts to arise between state and federal jurisdiction and contemplated that, when the exercise of federal bankruptcy jurisdiction would impact the relationship between state and federal courts, the federal courts should give consideration to those issues of federalism in making the determination whether or not to exercise federal bankruptcy jurisdiction. *See, e.g., In re WorldCom, Inc. Securities Litigation*, 293 B.R. 308, 332 (S.D. N.Y. 2003) ("The various abstention doctrines 'share a common matrix: a complex of considerations . . . .' Those considerations include comity and federalism, judicial economy, and efficiency.") (quoting *In re Pan American Corp.*, 950 F2d 839, 846 (2nd Cir. 1991)).

This case comes before the Court at this time on a motion for relief from the automatic stay. Nonetheless, the net effect of denying relief from stay is that the Court would commit to adjudication of the State Court Action in the guise of a claims proceeding. To do so would constitute a *de facto* reversal of the State Court's interlocutory order affirming the Debtor's default. As a consequence, the case requires the Court to examine its exercise of federal bankruptcy jurisdiction and to consider whether abstention under § 1334(c)(1) is appropriate with respect to the underlying State Court Action. The parties would be ill-served if the Court were to deny relief from stay without considering the jurisdictional issue only to later determine that abstention is appropriate under § 1334(c)(1). Because the Court will inevitably be asked to

---

[2] To be sure, the federal district courts exercising general federal question and diversity jurisdiction have developed specialized abstention doctrines. *See, e.g., Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Kelly Services, Inc. v. Johnson*, 542 F.2d 31, 33 (7th Cir. 1976) ("[E]ven if jurisdiction is proper under 28 U.S.C. § 1332, abstention is appropriate when to do so would clearly serve an important countervailing interest, or where there would be needless friction by unnecessarily enjoining state officials from executing state policies."). But neither 28 U.S.C. § 1331 (federal question) nor 28 U.S.C. § 1332 (diversity) makes specific provision for abstention. By contrast, 28 U.S.C. § 1334(c) specifically requires federal courts to abstain from exercising bankruptcy jurisdiction in certain circumstances under § 1334(c)(2) and, otherwise, allows discretionary abstention under § 1334(c)(1) when appropriate.

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 13-30160 HRT

adjudicate the issues raised in the State Court Action, if it denies relief from stay to the Movant, the Court must consider whether or not that litigation may occur in this Court. It may not.

When courts consider applicability of discretionary abstention under § 1334(c)(1), they consider the following factors:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
(2) the extent to which state law issues predominate over bankruptcy issues,
(3) the difficulty or unsettled nature of the applicable law,
(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
(7) the substance rather than form of an asserted "core" proceeding,
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
(9) the burden of [the bankruptcy court's] docket,
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
(11) the existence of a right to a jury trial, and
(12) the presence in the proceeding of nondebtor parties.

*Matter of Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

Whether these issues are litigated in the State Court or in this Court is a matter of little consequence when it comes to administration of the estate (factor #1). It is essentially the same proceeding. Because proceedings in the State Court will only be for the purpose of determining damages, it is foreseeable that the Debtor will seek an appeal of the final judgment in the State Court proceeding. But the Court has no reason to believe that nullifying the State Court default by hearing those issues in the context of a claim proceeding in this Court will appreciably shorten the time to a final resolution.

The issues raised by the State Court Action are purely state law issues (factor #2); and, certainly, they have already been put at issue in the State Court (factor #4). There is no basis for federal jurisdiction over this dispute but for federal bankruptcy jurisdiction under 28 U.S.C. § 1334 (factor #5) and the matter is easily severed from the core bankruptcy proceedings to allow the claims to be liquidated in the State Court (factor #8).

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 13-30160 HRT

A key factor in the Court's decision is that this matter bears all of the earmarks of a case where forum shopping is a significant motivation for filing the bankruptcy (factor #10). The Debtor defaulted in the State Court; was unsuccessful in its attempt to have the State Court reconsider the default ruling; and filed this bankruptcy case on the day of the scheduled damages hearing. Finally, there are parties involved in the State Court Action that are not debtors in this bankruptcy case (factor #12). That means that moving the Movant's claims against the Debtor into this Court would result in a piecemeal adjudication of the claims asserted in the State Court Action. Such piecemeal adjudications are inefficient and expose the parties to the possibility of inconsistent judgments in the different courts.

The Court believes it would violate its duty of comity to the State Court by stepping into the middle of a dispute that is being litigated in the State Court at the point that the Debtor has suffered a substantial setback in the course of those proceedings. It would allow the Debtor to start all over in a new federal forum and very directly raises the federalism concerns that the Court believes were central to the inclusion of the abstention provisions in the statute that provides the basis for federal bankruptcy jurisdiction.

The Court has considered the parties' offers of proof and, as to those issues that go the posture of the State Court Action, there is little factual dispute. Because the Court finds that it is appropriate, under 28 U.S.C. § 1334(c)(1), to abstain from adjudicating the issues raised in the State Court Action, the Court cannot find that "there is a reasonable likelihood that the [Debtor] will prevail at the conclusion of [a] final hearing," on the Movant's Motion. 11 U.S.C. § 362(e)(1). As a consequence, cause exists for lifting the automatic stay under 11 U.S.C. § 362(d)(1). Therefore, it is

**ORDERED** that Movant's *Motion for Relief from Stay* (docket #43) is GRANTED only for the purposes of liquidating Movant's damages claim and for the prosecution of any subsequent appeals in the state court system. Execution upon any resulting final judgment shall continue to be stayed.

Dated this __2nd__ day of April, 2014.

BY THE COURT:

*Howard Tallman*

Howard R. Tallman, Chief Judge
United States Bankruptcy Court